# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

TAHIR ALAMA AZAD,

    Petitioner,

vs.

IMMIGRATION AND CUSTOMS ENFORCEMENT and US ATTORNEY GENERAL,

    Respondents.

No. 19-CV-44 CJW

**ORDER**

This matter is before the Court on petitioner Tahir Alama Azad's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 3). On April 23, 2019, the Court entered an order granting petitioner in forma pauperis status and directing the government to respond to the motion. (Doc. 2). On May 13, 2019, the government filed its response. (Doc. 6). In its response, the government asks that the motion be denied as moot, stating that petitioner has been deported.[1] Petitioner did not file a reply.

As the Court noted in its previous order (Doc. 2), the petitioner was a detained alien who sought 28 U.S.C. § 2241 habeas relief pursuant to *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001). In *Zadvydas*:

> the Supreme Court recognized that § 1231(a)(6) does not provide for indefinite detention. "A statute permitting indefinite detention of an alien would raise a serious constitutional problem." *Id*. at 690. Although

---

[1] The government attached a declaration from ICE Officer Andrew Perez, who has knowledge of petitioner's case. Officer Perez states that petitioner was deported to Iraq on May 9, 2019. (Doc. 6-1).

> acknowledging the primacy of the executive branch in foreign policy matters, including repatriation and immigration matters, the Court implied a limitation on the ability to indefinitely detain an alien. *Id*. at 700–01. The post-removal period of detention must be "reasonably necessary to bring about the alien's removal from the United States." *Id*. at 689. In *Zadvydas*, the Court held that six months was a "presumptively reasonable" period, but cautioned that the statute does not authorize detention for a period beyond six months unless removal is "reasonably foreseeable." *Id*. at 699, 701. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id*. at 699. If an alien brings a habeas corpus petition after the six-month period lapses, the government has the burden to rebut the showing that there is no significant likelihood of removal in the reasonably foreseeable future. *Id*. at 701. "This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*.

*Cisse v. Baniek*, No. 4:11–cv–00242–JAJ, 2011 WL 3799026, at *3 (S.D. Iowa 2011).

Under *Zadvydas*, an alien may have a right to a hearing after being held for six months. In this case, petitioner was deported on May 9, 2019. Accordingly, he is no longer detained and his request for a detention hearing is now moot. For that reason, his petition (Doc. 3) is **denied** and this case is **dismissed**.

**IT IS SO ORDERED** this 9th day of July, 2019.

_____
C.J. Williams
United States District Judge
Northern District of Iowa